UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LARRY CURTIS BIEBINGER,

Plaintiff,

v.

DODGE COUNTY,
PAUL KILTINEN, and
GARY REMINE,

Defendants.

CIVIL NO. 00-2028 (JRT/ESS)

REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Minnesota Correctional Facility, Stillwater, Minnesota, has filed a complaint alleging that Defendants violated his federal constitutional rights during the course of his state criminal prosecution. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that two of the three named Defendants are immune from suit. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated August 30, 2000, (Docket No. 3), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED OCT 02 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

## I. BACKGROUND

Plaintiff was convicted in the state district court in Dodge County, Minnesota, on multiple counts of criminal sexual conduct. He appealed his convictions to the Minnesota Court of Appeals, arguing, inter alia, that he had been deprived of his constitutional right to a public trial, because the trial court judge closed the courtroom to the public while the victim (Plaintiff's 15-year-old daughter) testified at his trial. The State did not file any brief in opposition to Plaintiff's direct appeal. The Court of Appeals agreed with Plaintiff's public trial argument and reversed his conviction, but gave the prosecution the option of retrying him. State v. Biebinger, No. C6-97-2067 (Minn.App. 1998), 1998 WL 566823 (unpublished opinion).

At the request of the State, the Minnesota Supreme Court reviewed the Court of Appeals' decision and overturned it. The Supreme Court directed that the case be remanded to the trial court, not for a re-trial, but to conduct an evidentiary hearing to determine whether it had been truly necessary to close the courtroom during the victim's testimony. State v. Biebinger, 585 N.W.2d 384 (Minn. 1998).

On remand, the trial court reviewed and reaffirmed its decision to close the courtroom -- even though the state offered no new evidence to support that decision. Thereafter, Plaintiff filed a second direct appeal, again challenging the decision to close the courtroom. This time, however, the Court of Appeals concluded that "the trial court made findings, supported by the evidence in the record, that justify closure." State v. Biebinger, No. C1-99-439 (Minn.App. 1999), 1999 WL 1138470 (unpublished opinion). Thus, Plaintiff's convictions and sentence ultimately were upheld on direct appeal.

On August 25, 2000, Plaintiff commenced the present action, by filing a "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He is currently attempting to sue Dodge County, Minnesota, (the County where he was tried and convicted), and two Dodge County prosecutors – Defendants Paul Kiltinen and Gary Remine. Plaintiff alleges that Defendants violated his federal constitutional rights by (1) causing the courtroom to be closed during his criminal trial, and (2) failing to file a brief in the Court of Appeals in his first direct appeal. Plaintiff is presently seeking a damage award of $250,000, plus an order that would "reverse the case back to the original order of the [Minnesota] Appeals Court."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, (Kiltinen and Remine), and a government entity, (Dodge County), his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, or if the named Defendants are immune from suit, the action must be dismissed. 28 U.S.C. § 1915A(b)(1),(2). The Court concludes that the present action must be summarily dismissed pursuant to § 1915A(b)(1), because Plaintiff's complaint fails to state a claim on which relief can be granted. The Court further concludes

that two of the Defendants, Kiltinen and Remine, are immune from suit.

A. Inadequate Factual Allegations

While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). In this case, Plaintiff's complaint does not include any factual allegations showing that Defendants violated his constitutional rights.

Defendants Kiltinen and Remine, the prosecuting attorneys, are accused of closing Plaintiff's trial to the public. It is readily apparent, however, that the prosecutors did not cause Plaintiff's trial to be closed to the public; rather, the trial judge was responsible for that action. Plaintiff's second claim against the prosecutors, i.e., that they failed to file a brief in opposition to his first direct appeal, is even more untenable. The lack of opposition at the initial Court of Appeals' proceeding evidently contributed to Plaintiff's success at that stage of the appellate process. Plaintiff has failed to explain how the prosecutors' default before the Court of Appeals was detrimental to him, or how that default could possibly give rise to an actionable civil rights claim against the prosecutors.

Plaintiff has failed to state an actionable claim against Dodge County, because he has not alleged any facts showing that the County itself played any direct role in his criminal prosecution and conviction. It clearly appears that Plaintiff is attempting to hold the County legally responsible for the alleged misconduct of its prosecutors – Kiltinen and Remine. However, even if there were facts showing that Kiltinen and Remine were guilty of some constitutional wrongdoing, (and again, no such facts have actually been

alleged), the County could not be held vicariously liable for such wrongdoing. While Plaintiff has not expressly referred to the doctrine of respondeat superior, that obviously is the basis for his claims against Dodge County. It is well-settled, however, that respondeat superior does not apply to federal civil rights actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, Plaintiff has failed to state an actionable claim against the County.

B. Claims Are Barred By Heck v. Humphrey

Even if Plaintiff had alleged some facts showing that his constitutional rights were violated during the course of his state criminal prosecution, his present civil rights action could not go forward at this time. Plaintiff obviously believes that Defendants somehow violated his constitutional right to a fair trial and a fair appeal, and that his criminal convictions are therefore invalid. Indeed, he is specifically requesting the federal court to reinstate the initial State Court of Appeals ruling that vacated his convictions and required a new trial.

Plaintiff's thinly veiled attempt to overturn his state criminal convictions by means of a federal civil rights action is precluded by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). There, the Court reiterated that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully imprisoned. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or

confinement." Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

In the instant case, a judgment in Plaintiff's favor would necessarily imply the invalidity of his criminal convictions and the prison term that he is serving. Indeed, that seems to be the very essence of Plaintiff's complaint -- he is seeking a new trial, as well as money damages for his allegedly invalid convictions. According to Heck, however, the validity of Plaintiff's convictions and sentence are matters that cannot be considered in a federal civil rights action, unless Plaintiff has already established in a proper forum -- i.e., a state or federal post-conviction proceeding -- that his convictions and sentence were, in fact, invalid.

In short, if Plaintiff had some viable constitutional claim, he could not bring it at this time. He cannot maintain a civil action seeking damages, or any other relief, for unconstitutional acts that allegedly caused him to be wrongly convicted and sentenced, without first securing an order specifically invalidating his convictions and sentence. He must successfully challenge his convictions in a state or federal habeas corpus action before he can recover damages (or any other relief) relating to those convictions. Because that pre-condition has not been met, Plaintiff has not stated a claim on which relief can be granted.

C. Prosecutorial Immunity

Finally, it should be noted that even if some actionable claim could be found in Plaintiff's complaint, the action still would have to be dismissed as to Defendants Kiltinen and Remine on immunity grounds. In Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976), the United States Supreme Court held that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution. The prosecutorial immunity rule has been applied in numerous subsequent civil actions in both federal and state courts. Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993); Hyland v. State, 509 N.W.2d 561, 564 (Minn. Ct. App. 1993); Erickson v. County of Clay, 451 N.W.2d 666, 669-70 (Minn. Ct. App. 1990); Brown v. Dayton Hudson Corp., 314 N.W.2d 210, 214 (Minn. 1981) ("[w]e adopt the majority rule that public prosecutors, when acting within the scope of their duties by filing and maintaining criminal charges, are absolutely immune from civil liability"). Because it

appears that Plaintiff is attempting to sue Defendants Kiltinen and Remine for actions that they allegedly took (or failed to take) while performing their prosecutorial duties, those Defendants are immune from suit in this case.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(b). It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[2] He has paid only $34, so he still owes $116. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action must count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. The action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff shall be required to pay the unpaid balance of the Court filing fee, namely $116.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: October 2, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.